UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES COLLITON,

                Plaintiff,

            -v-

CAESARS SPORTSBOOK,

                Defendant.

22-CV-10091 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this Action alleging that Caesars Sportsbook ("Defendant") discriminated against him based upon his disability. (*See* Compl. (Dkt. No. 2).) By Order dated November 29, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (*See* Dkt. No. 3.)

I. DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).[1]

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the Complaint until the Court reviewed the Complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

("USM-285 form") for Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the Complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the Action if Plaintiff fails to do so.

## II.  CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant, complete the USM-285 forms with the address for this Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further instructed to send an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 13, 2023
         White Plains, New York

                                                    _____
                                                    KENNETH M. KARAS
                                                    United States District Judge

DEFENDANT AND SERVICE ADDRESS

Caesars Sportsbook
6325 S. Rainbow Blvd.
Las Vegas, NV 89118